1
2
3
4
5
6
7                          IN THE UNITED STATES DISTRICT COURT
8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10   PAUL HERNANDEZ, JR.,              )      No. C 11-2740 JSW (PR)
                                       )
11              Plaintiff,             )      **ORDER OF DISMISSAL WITH**
                                       )      **LEAVE TO AMEND**
12         v.                          )
                                       )
13   SANTA CLARA VALLEY HEALTH &       )
     HOSPITAL SYSTEM ADULT             )
14   CUSTODY HEALTH CARE; SANTA        )
     CLARA COUNTY DEPARTMENT OF        )
15   CORRECTIONS,                      )
                                       )
16              Defendants.            )
     _____ )
17

**INTRODUCTION**

Plaintiff, an inmate at the Santa Clara County Jail proceeding pro se, filed this rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* in a separate order. The Court now reviews the complaint and dismisses with leave to amend.

**DISCUSSION**

I.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon

1  which relief may be granted," or "seeks monetary relief from a defendant who is immune
2  from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.
3  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

4  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement
5  of the claim showing that the pleader is entitled to relief."  "Specific facts are not
6  necessary; the statement need only '"give the defendant fair notice of what the . . . . claim
7  is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200
8  (2007) (citations omitted).  Although in order to state a claim a complaint "does not need
9  detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his
10 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic
11 recitation of the elements of a cause of action will not do. . . .   Factual allegations must
12 be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v.*
13 *Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer
14 "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se
15 pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,
16 699 (9th Cir. 1990).

17 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:
18 (1) that a right secured by the Constitution or laws of the United States was violated, and
19 (2) that the alleged violation was committed by a person acting under the color of state
20 law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

21 II.     Legal Claims

22 Plaintiff alleges that he sprained his ankle while in the Santa Clara County Jail,
23 and requested medical care.  His appointment with a doctor was scheduled for
24 approximately one month later, but it was cancelled.  About one month after that, he fell
25 again because of his weak ankle.  His appointment with a bone specialist was delayed for
26 another month.  When he eventually saw the bone specialist, approximately three months
27 after the sprain, the specialist told him that he had a separated Achilles tendon, that he
28 should have received surgery at the time of the injury, that it was too late to perform the

1  surgery, and that he is now permanently disabled.  When liberally construed, these
2  allegations state a claim for deliberate indifference to his serious medical needs, in
3  violation of the Eighth Amendment's proscription against cruel and unusual punishment.
4  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

5  However, the only defendants named by Plaintiff are the "Santa Clara Valley
6  Health and Hospital System Adult Custody Health Care" and the Santa Clara County
7  Department of Corrections.  It is unclear whether these are discrete entities separate from
8  Santa Clara County itself.  Either way, as they are local government entities, Plaintiff
9  must show: (1) that he possessed a constitutional right of which he was deprived; (2) that
10 the local government entities had a policy; (3) that this policy amounts to deliberate
11 indifference to his constitutional rights; and (4) that the policy is the moving force behind
12 the constitutional violation.  *See Plumeau v. School Dist. #40 County of Yamhill*, 130
13 F.3d 432, 438 (9th Cir. 1997).  Plaintiff has not alleged that the Defendants had a policy
14 that amounted to deliberate indifference to his Eighth Amendment rights and that was the
15 moving force behind his failure to receive adequate medical treatment.  Consequently,
16 the complaint must be dismissed for failure to state a cognizable claim for relief against
17 the named defendants.  Plaintiff will be given leave to file an amended complaint in
18 which he makes the allegations necessary to establish Defendants' liability under
19 *Plumeau*.  Alternatively, in the amended complaint Plaintiff may name individual
20 defendants, but only if he also alleges actions or omissions by them that proximately
21 caused Plaintiff to go without the medical treatment he needed.

## CONCLUSION

23 1. The complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall
24 file an amended complaint that corrects the deficiencies described above within ***thirty***
25 ***(30) days from the date this order is filed***. The amendment must include the caption and
26 civil case number used in this order (Case No. C 11-2740 JSW (PR)) and the words
27 "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an
28 amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*,

1  963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the
2  original or amended complaints by reference.  <u>Failure to amend within the designated</u>
3  <u>time and in accordance with this order will result in the dismissal of this action</u>.
4          2.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
5  Court informed of any change of address and must comply with the Court's orders in a
6  timely fashion.  Failure to do so may result in the dismissal of this action under Federal
7  Rule of Civil Procedure 41(b).
8          IT IS SO ORDERED.
9  DATED:  June 30, 2011

                                   JEFFREY S. WHITE
                                   United States District Judge

|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE |
| | NORTHERN DISTRICT OF CALIFORNIA |

PAUL HERNANDEZ JR,

    Plaintiff,

v.

SANTA CLARA VALLEY HEALTH AND HOSPITAL SYSTEM ADULT CUSTODY HEALTH CARE et al,

    Defendant.

                                           /

Case Number: CV11-02740 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 30, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Paul Hernandez
701 S. Abel Street
#T05919
CD2-059 #10065691
Milpitas, CA 95035

Dated: June 30, 2011

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk