IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HERNANDEZ, JR., </br></br> Plaintiff, </br></br> v. </br></br> SANTA CLARA COUNTY; SANTA CLARA VALLEY HEALTH & HOSPITAL SYSTEM ADULT CUSTODY HEALTH CARE; SANTA CLARA COUNTY DEPARTMENT OF CORRECTIONS, </br></br> Defendants. | No. C 11-2740 JSW (PR) </br></br> **ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, an inmate at the Santa Clara County Jail proceeding pro se, filed this rights action pursuant to 42 U.S.C. § 1983. The complaint was dismissed with leave to amend. Plaintiff filed an amended complaint that does not cure the deficiencies in the original complaint. The Court now reviews the complaint and dismisses it with leave to amend.

## DISCUSSION

I. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.    Legal Claims

The original complaint was dismissed because the only defendants were the "Santa Clara Valley Health and Hospital System Adult Custody Health Care" and the Santa Clara County Department of Corrections, and Plaintiff had not allegeda policy that amounted to deliberate indifference to his Eighth Amendment rights and that was the moving force behind his failure to receive adequate medical treatment, as is required to succeed on a claim against a local government entity. *See Plumeau v. School Dist. #40*

*County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff was given leave to amend to so allege or, alternatively, to name individual defendants whose actions or omissions by them that proximately caused Plaintiff to go without the medical treatment he needed. Plaintiff has done neither. The amended complaint adds the County of Santa Clara as a defendant, but does not allege a policy or that the policy was the moving force behind his inadequate medical care, as required by *Plumeau*. This case will be dismissed because, as Plaintiff was warned, he did not cure the deficiencies in his original complaint.

## CONCLUSION

In light of the foregoing, this case is DISMISSED.

The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: September 8, 2011

JEFFREY S. WHITE
United States District Judge


UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PAUL HERNANDEZ JR,

    Plaintiff,

v.

SANTA CLARA VALLEY HEALTH AND HOSPITAL SYSTEM ADULT CUSTODY HEALTH CARE et al,

    Defendant.

Case Number: CV11-02740 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 8, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Paul Hernandez
T-05919
North Kern State Prison
PO Box 4999
Delano, CA 93216

Dated: September 8, 2011

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk